JOSEPH HARRIS & SONS, RESPONDENT, v. THE DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD COM-
PANY ET AL., APPELLANTS.

Submitted February 13, 1931—Decided May 18, 1931.

For the appellants, *Frederic B. Scott.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

DONGES, J. This a mechanics' lien suit, in which a general judgment was entered in favor of plaintiffs and against the Delaware, Lackawanna and Western Railroad Company, owner, and Anna A. Stange and Ottoman Stange, general contractors, defendants-appellants. Judgment was likewise entered against Ells Construction Company, the subcontractor to whom the materials were furnished for which the lien was claimed.

The lien claim was filed on December 30th, 1927, on which day the summons was issued. Thereafter, on January 4th, 1928, service of the summons and complaint was made. Answers were filed by the defendants-appellants, and the case was noticed for trial for April term, 1928. Nothing appears to have been done to bring the case to judgment, and no steps were taken until July 15th, 1929, when notice was given of a motion to Mr. Justice Parker to amend the lien claim,

summons and complaint. By rule, dated October 22d, 1929,. the amendment was made. On December 16th, 1929, the case was tried in the Morris County Circuit Court.

At the trial motion was made for a nonsuit and to discharge the property from the lien on the ground of lack of due diligence in the prosecution of the claim within one year, as required by statute. These motions were denied and error is assigned thereon.

We think the motions should have been granted and the lien discharged.

The statute (3 *Comp. Stat., p.* 3305, § 18) provides that if the lien "claimant shall fail to prosecute his claim diligently within one (1) year from the date issuing such summons, or such further time as the court may by order direct, such lien shall be discharged."

In *Buchanon and Smock Lumber Co.* v. *Dougherty,* 88 *N. J. L.* 356, this court held that the burden is on the lien claimant to excuse his failure to reduce his claim to judgment within the year.

In the instant case, no adequate reason was assigned for such failure. Plaintiffs sought to excuse themselves upon the ground that they were in doubt as to the accuracy of the description of the lands involved. They made no application to the court for an extension of time, although it appears in the discussion of the motion to nonsuit that Mr. Justice Parker suggested that an application might be made to the Circuit Court judge for an extension of time. They made no real effort, so far as appears, to ascertain the description of the lands, but for about eighteen months permitted the case to drag along, hoping something might happen to relieve their doubts as to the accuracy of the description used, in face of the duty imposed by statute to reduce the claim to judgment within a year or lose the lien on the property. They have shown nothing to justify their failure to prosecute, or to secure an extension of time, as required by statute. *Buchanon and Smock Lumber Co.* v. *Dougherly, supra; Gluck* v. *Ruiz-Urrutia,* 101 *N. J. L.* 558; *Hendrickson* v. *Frieland,* 106 *N. J. L.* 427.

In view of these considerations, which lead to a reversal, it is unnecessary to deal with the other reasons urged by appellants.

We conclude that the claim was not diligently prosecuted within the year, and that, in the state of the proofs, the court should have dealt with the matter and that the motion to nonsuit and to discharge the lien should have been granted. The judgment against the appellants is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.